UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

KARTHERINE VARTHOLOMEOU  :  INDEX No. 15 cv 4996 (PKC)

                              Plaintiff, :

     -against-  :  Amended COMPLAINT

X THE CITY OF NEW YORK  :  under the

X NYPD DET. HILT (MADE 1ST CONTACT WITH

PLANTIFFS PROPERTY , BADGE #6133):

X NYPD DET. SATORY

( ON SCENCE):              Civil Rights Act, 42 U.S.C. Section 1983

X NYPD DET. KIM(ON SCENE):             (Prisoner Complaint)

1 NYPD DET AUSTIN( ON SCENE, TAX REG

#917258) :

2 NYPD DET SUPERVISOR

OSULLIVAN ( ON SCENE, TAX REG #902153):

3 NYPD ADMINISTRATOR             JURY TRIAL: DEMANDED

/DET FARRELL( NYPD FARRELL INTER ALIA, FINGER

PRINTED AND OTHERIWSE PROCESSED PLANTIFF

AND BAGGED PLANTIFF'S PROPERTY. SHE WAS THE

LAST ONE TO BE IN CONTACT WITH PLANTIFFS

PROPERTY)

RECEIVED JAN 29 2016 PRO SE OFFICE

                                Defendant(s) :

----------------------------------------------------------X

ORIGINAL

**PRELIMINARY STATEMENT**

Plaintiff Katherine Vartholomeou, pro-se, en forma paupeorus, complaining of the DEFENDANT(S), THE CITY OF NEW YORK et al. alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action at law to redress, inter alia, the unlawful execution of a "knock" search warrant, the loss and/or theft and damage of property by Police Officers acting under color of law, violation of Plaintiff's rights guaranteed and protected under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of these United States of America, and under 42 U.S.C. Section 1983. This is also an action at law to redress the pain and suffering and psychological and emotional injuries sustained by Plaintiff Katherine Vartholomeou and her minor children and her grandchildren as a result of the intentional, malicious and reckless acts of THE CITY of NEW YORK, et al. through some of its Police Officers. This Honorable Court also has supplemental jurisdiction over Plaintiff Katherine Vartholomeou's state common law rights.

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. 1331, this being an action arising under the U.S. Constitution and Federal Law, and by 28 U.S.C. 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution, and by 42 U.S.C. Section 1983.

3. Venue is proper in the Eastern District of New York because the events complained of occurred in the County of Queens, which is within the Eastern District of New York.

**PARTIES**

4. At all times relevant and material to the facts of this case, Plaintiff resided in Queens County, New York, within the jurisdiction of this Honorable Court.

5. At all times relevant and material to the facts of this case, Defendant THE CITY OF NEW YORK was and still is a municipal corporation duly organized under the laws of the State of New York and was the employer of the individual Defendants and is liable under the common law agency rule for the actions of the individual defendants complained of herein.

6. At all times relevant and material to the facts of this case, defendants NYPD DET. HILT, NYPD DET. SATORY, NYPD OFFICER KIM, NYPD ADMINISTRATOR FARELL,NYPD DET.AUSTIN,NYPD SUPERVISOR OSULLIVAN are employees of THE CITY OF NEW YORK and upon information and belief all individual Defendants worked at, or out of, the 109 Precinct House of the New York City Police Department. 37-05 Union Street Flushing, NY 11345.

## FULFILMENT OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a notice of Claim with the Comptroller of THE CITY OF NEW YORK within ninety (90) days of the occurrence of the events complained of herein, and at least thirty (30) days has elapsed from the said date without THE CITY OF NEW YORK settling said claims.

8. Plaintiff files herewith this complaint within one year and ninety days of the accrual of this claim.

9. Plaintiff made numerous inquiries in person and numerous verbal requests for relief with those in authority at the 109 Precinct pertaining to the events complained of herein.

10. Plaintiff duly filed complaints with the New York City Community Complaint Review Board (CCRB).

11. Plaintiff duly filed a complaint with the NYPD Internal Affairs Bureau.

## FACTUAL ALLEGATIONS

12. Plaintiff Katherine Vartholomeou on/or about 11:00AM on 12 Nov. 2013 was arrested at the location of 147-09 41st Avenue Queens, NY 11355 and was held in the custody of the New York City Police Department, 109 Pct. Queens, NY. where upon Defendants illegally executed a "Knock" warrant by unlawfully breaking the front door to said location and unlawfully entering said location.

13. The aforementioned location was not at the time of events complained of herein the residence of Plaintiff.

14. At the time of events complained of herein Plaintiff resided at 162-20 89th Avenue Jamaica, NY 11435.

15. At the time of arrest Plaintiff was wearing a considerable amount of expensive jewelry.

16. The jewelry worn by Plaintiff at time of arrest included among other items

    one (1) diamond encrusted platinum wedding band valued at $13,000.00 and one (1)

    diamond encrusted gold ring band valued at $3,500.00

17. At the time of arrest Plaintiff additionally possessed:
    one (1) Italian design lady's hand bag valued at $6,750.00
    one (1) Michael Korrs design lady's wallet in the aforementioned handbag valued at $ 750.00
    one (1) Michael Korrs design lady's change purse in the aforementioned handbag

   Valued at $375.00
Two (2) packs of cigaretts (Virginia slim 120's)
One (1) Sony brand camera valued at $275.00 in side the aforementioned handbag
Two (2) Kodak brand Slice model cameras valued at $395.00 each inside the aforementioned hand bag
One (1) Nikon brand Cool Pix model camera valued at $275.00 inside the handbag
$1,886.00 of U.S. currency in various denominations inside the aforementioned handbag
One (1) pinkish-purple purse with white design that had assorted gold jewelry
Over $50,000
One (1) Toshiba laptop Satellite L755 along with 2(two) other Toshiba laptops
One (1) HP touch screen desk top
Two(2) Dogs by the names of Koukla ( female) and Pegasus(male)
All passports, drivers license, social security cards, citizen ship papers, credit cards in the aforementioned hand bag
One (1) Apple White Ipod in the aforementioned hand bag
One (1) Apple Ipad
One (1) book of bank checks and bank cards from Astoria Federal bank in the aforementioned bag
One (1) custom made ring with diamonds In side the Micahel Koors black wallet in aforementioned hand bag
One (1) diamond sapphire pendant in the aforementioned hand bag
One ( 1) swavroski crystal pendant with diamonds in the aforementioned hand bag
One (1) heavy-duty fire safe with medication with other assorted jewelry and electronics and important documents
One (1) custom-made Cartier designer ring with diamonds valued at $10,000 that was in plaintiff's black Michael Korrs wallet in aforementioned hand bag
Various pain medications prescribed to plaintiff due to plaintiffs severe car accident in the aforementioned hand bag
One (1) Pink thin camera that was in the aforementioned hand bag

18. At the time and location of Plaintiff's arrest Plaintiff asked Defendant NYPD DET. Hilt and NYPD DET. Satory about her aforementioned belongings, specifically her handbag and its contents, as described above, that was located in the basement of said location.
19. NYPD DET. Hilt and NYPD DET. Satory assured Plaintiff that Plaintiff's handbag and the contents therein would be taken into NYPD custody and properly vouchered in the 109 Pct.
20. Immediately after Plaintiff was placed under arrest Plaintiff's daughter Theionfi Vlahaki arrived on the scene.
21. Plaintiff's daughter asked individual Defendant NYPD DET. Hilt and NYPD DET. Satory what would happen to her mother's handbag that Plaintiff's daughter knows and saw her mother leave with her aforementioned hang bag in the morning prior to the arrest.
22. NYPD DET. Hilt and NYPD DET. SATORY assured Plaintiff's daughter that said bag and the aforementioned contents located in the basement in the aforementioned hand bag, would be retrieved by themselves and properly vouchered.

23. Wary of NYPD DET. Hilt and NYPD DET. Satory earnestness, Plaintiff's daughter, Theionfi Vlahaki, queried individual defendants NYPD DET.Hilt, NYPD DET. Satory and NYPD DET. Austin about the status and destiny of Plaintiff and Plaintiff's aforementioned handbag and the aforementioned contents. All three (3) of the aforementioned individual defendants assured Plaintiff's daughter that Plaintiff's handbag would be taken into NYPD custody and properly vouchered.  When Plaintiff's daughter arrived at the 109th Pct. House shortly after her mother's arrest to inquire about her mother, and her mother's handbag and contents along with plantiff's jewelry that was worn by her at time of arrest and plantiff's cellular phone, Plaintiff's daughter was told by individual Defendant Desk Sargent that there was no such handbag in question and said handbag was not part of any vouchered property of Plaintiff.
24. Plaintiff's daughter questioned NYPD DET. Austin at New York Hospital Queens about her mother's bag and again she was assured that if the plaintiff's bag was in her possession that the plaintiff's bag is at the 109 Pct.
25.   On information and belief Plaintiff's handbag and all aforementioned valuable contents were at best negligently handled and/or misappropriated by Defendants or at worst stolen by said individual Defendants.

26.   At the 109 Pct. Plaintiff was ordered by individual police officer (who escorted plaintiff to the precinct ) to surrender the aforementioned jewelry she was wearing. Plaintiff refused to comply and requested that she surrender her jewelry directly to the Captain. This request was denied.

27.    Plaintiff was ordered to surrender her jewelry to individual Defendant who was a red headed female police officer. This red headed female police officer was send by the sergeant on duty to have plaintiff surrender her jewelry. Plaintiff did comply by surrendering her jewelry to said individual Defendant.  Individual Defendant placed said jewelry on a desk located immediately outside said holding cell, searched plaintiff and then placed Plaintiff in the holding cell.

28.   Plaintiff was moved to another holding cell by a male police officer.

29.   After approximately 4 hours during which time Plaintiff's jewelry was let unattended on the desk, Plaintiff was removed from the second cell by individual Police Administrator Farell and was taken for fingerprinting and mug shots. Said defendant  then returned the plaintiff in to the holding cell.

30.   At that time individual Defendant Police Administrator Farell looked at each of the Plaintiff's jewelry that was on the desk and filled out the voucher. Said Individual defendant placed plaintiff's jewelry in a plastic bag. Plaintiff asked to the said defendant to provide her with the voucher but said defendant said to plaintiff that she will give the voucher to plaintiff's daughter Theionfi Vlahaki who is waiting upstairs in the detective unit with the children. Plaintiff's daughter was never provided the voucher.

31. At the time of Plaintiff's arrest Plaintiff was at said location accompanied by Plaintiff's sons Dimitiros Vlahakis age 23 and Alexander Vartholomeou age 8, and Plaintiff's two grandchildren Katherine Vlahaki age 3, and Maria Vlahaki age 2 who were .At the time of plaintiff's arrest their were two (2) dogs present at the time in the back yard.

32. Plaintiff was at said location at the behest of individual Defendant NYPD DET. HILT that earlier that day called Plaintiff on her cell phone and ordered her to go to said location so that he may talk to her about an on-going investigation of her son Angelos Vlahakis in effect to lure her to the said location ( in which plaintiff was not living their. The home 14709 41 st ave is burned) in order to entrap her concerning said investigation.

33. At the time of Plaintiff's arrest, Plaintiff's son Dimitrios Vlahakis was also arrested. Plaintiff was handcuffed at the front door when NYPD DET. Hilt entered plaintiffs property and went straight down to the basement where he removed the plaintiffs electronics, plaintiffs jewelry and plaintiffs wallet from her bag. NYPD DET. Hilt then passed by in front of the plaintiff with all of her personal belongings in his hands that were in her bag and walked out the front door where all the other officers were present and he stated " we got it". Plaintiff then asked NYPD DET. Hilt " what is it you have? Where are you going with my things from my bag? Where is my bag? ". NYPD DET. Hilt told the plaintiff that her bag and all of her personal belongings will be going with her to the precinct to be " properly vouched". Plaintiff reached out to NYPD DET. Hilt and to the 109 Precinct in regards to her bag and personal property. Plaintiff got no response from NYPD DET. Hilt or the 109 Pct about her bag or personal belongings. Plaintiff filed papers in the District Attorneys office in regards to her personal property that was removed from her home and the property from her bag. The district Attorney office told plaintiff that they refuse to provide her with a voucher and to return her property to her.

34. At the time of Plaintiff's arrest Plaintiff's daughter Theionfi Vlahaki arrived on the scene as she was already en-route to the said location unaware of any Police action but to merely pick –up Plaintiff's son Alexander and Plaintiff's two grandchildren to baby sit them.

35. Plaintiff's aforementioned minor son Alexander and her two grandchildren were taken to New York Hospital of Queens for medical evaluations where they were all given clean bills of health and released back to the temporary custody of Plaintiff's daughter Theionfi Vlahaki.

36. At that time Plaintiff's daughter was instructed by Defendants to return to 109 Pct. for further questioning.

37. Subsequently, Defendants unlawfully held Plaintiff's aforementioned children, and toddler grandchildren for twelve (12) hours without food or water.

38. Approximately ten (10) days after Plaintiff's daughter Theionfi Vlahaki returned to the 109 Pct. to retrieve Plaintiff's jewelry and further inquire about Plaintiff's aforementioned hand bag and all its contents.

39. Plaintiff's daughter received Plaintiff's jewelry with the exception of Plaintiff's One (1) diamond encrusted platinum wedding band valued at $13,000.00 and one (1)diamond encrusted gold ring band valued at $3,500.00
The aforementioned handbag, aforementioned contents and voucher(s) were never returned to Plaintiff's daughter nor Plaintiff. When plaintiff was released from Rikers Island she went to the 109 Pct to look for her property with her younger daughter. The plaintiff tried to make a police report on he personal belongings and her hand bag. The plaintiff asked the desk sergeant about her aforementioned hand bag and belongings and they refused to make a police report. Plaintiff asked to speak to NYPD DT.Hilt and he refused to speak to the plaintiff. The plaintiff was told by desk officer who was pregnant at the time told the plaintiff they only vouchered two (2) packs of cigarettes.

### FIRST CAUSE OF ACTION

(Deprivation of Rights under 42 U.S.C. 1983)

40. Plaintiff repeats and realleges paragraphs 1 through 39 as if each paragraph is repeated verbatim herein.

41. All the aforementioned acts of the Defendants, their agents, servants and employees were carried out under the color of law.

42. All the aforementioned acts deprived Plaintiff Katherine Vartholomeou of the rights, privileges and immunities guaranteed to citizens of the United States by the fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. 1983.

43. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as Police Officers of, Defendant CITY OF NEW YORK, with the entire and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as Police Officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## SECOND CAUSE OF ACTION
(Illegal Search and Seizure)

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if each paragraph is repeated verbatim herein.

48. Defendants while acting under color of law did violate Plaintiff's Constitutional Rights as guaranteed and protected by the Fourth Amendment to the U.S. Constitution not to be subjected to illegal search and seizure.

49. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## THIRD CAUSE OF ACTION

(Deliberate Indifference/Cruel and Unusual Punishment)

50. Plaintiff repeats and realleges paragraphs 1 through 49 as if each paragraph is repeated verbatim herein.

51. Defendants acting under color of law and with reckless intent and deliberate indifference did deprive Plaintiff of her Constitutional Rights and directly caused significant emotional and psychological pain and suffering by unlawfully depriving her of her property and unlawfully detaining her daughter and two grandchildren thus violating Plaintiff's rights under the Eighth Amendment of the U.S. Constitution to not be subjected to cruel and unusual punishment.

52. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## FOURTH CAUSE OF ACTION

### (Violation of the Equal Protection Clause)

53. Plaintiff repeats and realleges paragraphs 1 through 52 as if each paragraph is repeated verbatim herein.
54. Defendants unlawfully deprived Plaintiff of her rights to be free from illegal searches and seizures and subjected her to cruel and unusual punishment because of Plaintiff's National Origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYCD Officers.

55. As a result of the foregoing, Plaintiff Katherine Vartholomeou was deprived of her rights under the Equal Protection Clause of the United States Constitution.

56. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## FIFTH CAUSE OF ACTION

### (Failure to Intervene)

57. Plaintiff repeats and realleges paragraphs 1 through 56 as if each paragraph is repeated verbatim herein.

58. Defendants had an affirmative duty to intervene on behalf of Plaintiff, whose Constitutional Rights were being violated in the presence of other Police Officers

59. Defendants failed to intervene to prevent the unlawful conduct described herein.

60. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## SIXTH CAUSE OF ACTION

### (Supervisory Liability)

61. Plaintiff repeats and realleges paragraphs 1 through 60 as if each paragraph is repeated verbatim herein.

62. The supervisory Defendants personally caused Plaintiff Katherine Vartholomeou's Constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### SEVENTH CASE OF ACTION

### (Municipal Liability)

64. Plaintiff repeats and realleges paragraphs 1 through 63 as if each paragraph is repeated verbatim herein.

65. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department, and THE CITY OF NEW YORK included but were not limited to: violation of Constitutional Rights of individual citizens of the United States, committing Illegal Search and Seizure, conspiring to deprive Plaintiff of her property, exacting cruel and unusual punishment, all based on a person's national origin, race, creed or color and with malice aforethought and engaging in widespread practices of falsification.

67. In addition, THE CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of Plaintiff Katherine Vartholomeou's rights as described herein. As a result of the failure of THE CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its Officers, including all individual Defendants, Defendant THE CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the New York City Police Department, and THE CITY OF NEW YORK were the moving force behind the Constitutional violations suffered by Plaintiff Katherine Vartholomeou as alleged herein.

69. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff Katherine Vartholomeou's Constitutional rights.

70. All of the foregoing acts by Defendants deprived Plaintiff Katherine Vartholomeou's federally protected rights, including but not limited to, the right:

   i.   Not to be subjected to illegal search and seizure;
   ii.  Not to be subjected to cruel and unusual punishment
   iii. To be free from failure to intervene; and
   iv.  To receive equal protection under law.

71. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## SUPPLEMENTAL STATE LAW CLAIMS

72. Plaintiff repeats and realleges paragraphs 1 through 71 as if each paragraph is repeated verbatim herein.

73. Within ninety (90) days after the events complained of herein, Plaintiff Katherine Vartholomeou duly served upon, presented to and filed with the Comptroller of THE CITY OF NEW YORK, a Notice of Claim as required under General Municipal Law 50-e.

74. THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days has elapsed since presentation of such claim as aforesaid.

75. The action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

76. Plaintiff Katherine Vartholomeou has complied with all conditions precedent to maintaining the instant action.

77. Plaintiff Katherine Vartholomeou's action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## NINTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress under the laws of the State of New York)

78. Plaintiff repeats and realleges paragraphs 1 through 77 as if each paragraph is repeated verbatim herein.

79. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

80. The aforementioned conduct was committed by Defendants while acting within the scope of their employment by Defendant THE CITY OF NEW YORK.

81. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant THE CITY OF NEW YORK.

82. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff Katherine Vartholomeou.

83. As a result of the aforementioned conduct, Plaintiff Katherine Vartholomeou suffered emotional distress, and mental injury, together with embarrassment, humiliation, shock, fright, and loss of any reasonable sense of dignity.

84. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## TENTH CAUSE OF ACTION

(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

85. Plaintiff repeats and realleges paragraphs 1 through 84 as if each paragraph is repeated verbatim herein.

86. Upon information and belief, Defendant THE CITY OF NEW YORK failed to use reasonable care in the screening, hiring, and retention of the aforesaid Defendants that conducted and participated in the Illegal Search and seizure, and deliberate infliction of severe emotional and mental injuries of Plaintiff KATHERINE Vartholomeou.

87. Defendant THE CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual Defendants to engage in the wrongful and/or unlawful conduct heretofore alleged in this Complaint.

88. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## ELEVENTH CAUSE OF ACTION

**(Negligent Training and Supervision under the laws of the State of New York)**

89. Plaintiff repeats and realleges paragraphs 1 through 88 as if each paragraph is repeated verbatim herein.

90. Upon information and belief the Defendant THE CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid Defendants that conducted and participated in the Illegal Search and Seizure and infliction of severe emotional and mental injuries of Plaintiff Katherine Vatholomeou.

91. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## TWELFTH CAUSE OF ACTION

**(Negligence under the laws of the State of New York)**

92. Plaintiff repeats and realleges paragraphs 1 through 91 as if each paragraph is repeated verbatim herein.

93. Plaintiff Katherine Vartholomeou's injuries herein were caused by the recklessness, carelessness, and negligence of the Defendant THE CITY OF NEW YORK and its employees and agents that were on Duty and acting in the scope of their employment when they engaged in the wrongful and/or unlawful conduct described herein.

94. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### THIRTEENTH CAUSE OF ACTION
(*Respondeat Superior* Liability under the laws of the State of New York)

95. Plaintiff repeats and realleges paragraphs 1 through 94 as if each paragraph is repeated verbatim herein.

96. Defendant THE CITY OF NEW YORK is vicariously liable for the acts of its employees when they engaged in the wrongful and/or unlawful conduct described herein.

97. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### FOURTEENTH CAUSE
(Violation of N.Y.S. Constitution Article 1 section 11)

98. Plaintiff repeats and realleges paragraphs 1 through 97 as if each paragraph is repeated verbatim herein.

99. As a result of Defendant's conduct Plaintiff Katherine Vartholomeou was deprived of her right to equal protection of laws.

100. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### FIFTEENTH CAUSE OF ACTION

(Violation of N.Y.S. Constitution Article 1 section 12)

101. Plaintiff repeats and realleges paragraphs 1 through 100 as if each paragraph is repeated verbatim herein.

102. As a result of Defendant's conduct Plaintiff Katherine Vartholomeou was deprived of her right to security against unreasonable searches, seizures, and interceptions.

103. As a result of the foregoing, Plaintiff Katherine Vartholomeou is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, Plaintiff Katherine Vartholomeou demands judgment and prays for the following relief, jointly and severally, against Defendants:

i. full and fair compensatory damages in an amount to be fixed by a jury;
ii. punitive damages against the individual Defendants in an amount to be determined by a jury;
iii. reasonable attorney's fees, costs, and disbursements of this action; and
iv. such other and further relief as appears just and proper to this Honorable Court.

Dated: Jamaica NY,

This 29 day of January, 2016

## AFFIRMATION AND VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct,

Signed, this 29 day of January, 2016

x) _[signature]_

(Signature)

Katherine Vartholomeou,

Pro Se Litigant, In Forma Pauperis

Return Address: Katherine Vartholomeou

85-36 150th Street

Jamaica, NY 11435